UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


BARRY BENNETT, JR.                               CIVIL ACTION

VERSUS                                           NO: 11-101

JOHN DOE, HUDSON SERVICES,                       SECTION: R
INC. AND SHELL OIL COMPANY


**ORDER AND REASONS**

Before the Court is defendant Shell Oil Company's unopposed motion for summary judgment. Because no genuine issues of material fact exist as to Shell's liability for plaintiff's accident, the Court GRANTS Shell's motion for summary judgment.

I.  **BACKGROUND**

This dispute arises out of plaintiff Barry Bennett's accident on a platform owned by Shell Oil Company. On January 10, 2010, plaintiff was working for Weatherford International, Inc. on its plug and abandonment rig, which had been installed on top of Shell's platform so that Weatherford employees could plug the Shell well.[1] Plaintiff was injured when a chain attached to a

---

[1] R. Doc. 1-1 at 2.

casing saw broke loose and struck his shoulder and chest.[2]
Bennett alleges that the negligence of the saw operator, an
employee of Hudson Services, Inc., caused the accident.[3] Bennett
filed the present suit to recover damages on December 16, 2011 in
the 40th District Court for the Parish of St. John the Baptist.[4]
Defendants removed the suit to this Court on January 18, 2011.[5]
Shell now moves for summary judgment, asserting that it is not
liable for any negligent acts by Weatherford or Hudson, because
1) the companies were hired as independent contractors and 2)
Shell was not independently negligent.[6] In response, Bennett
states that he does not oppose the motion and will no longer
pursue his claims against Shell.[7]

## II. STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

---

[2] R. Doc. 1-1 at 2-3.

[3] *Id*. at 3.

[4] R. Doc. 41-1 at 2.

[5] R. Doc. 1.

[6] R. Doc. 41.

[7] R. Doc. 44.

(1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir.

1988), *cert. denied*, 488 U.S. 926 (1988). Although a nonmovant's failure to respond to a motion for summary judgment does not permit the entry of a "default" summary judgment, the court may accept the movant's evidence as undisputed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

**III. DISCUSSION**

Shell contends that its relationship with Weatherford, plaintiff's employer, is governed by the terms of a 2011 Master Service Agreement.[8] The agreement states:

> CONTRACTOR shall be an independent CONTRACTOR with respect to the performance of WORK under this CONTRACT, [Shell]'s principal interest or concern being the completed and finished WORK rather than the details and manner of performance. Neither CONTRACTOR nor its SUBCONTRACTORS shall be deemed for any purpose to be the agent or representative of [Shell] for any WORK performed herein. [Shell] further reserves no right to supervise or control the details of the WORK provided by CONTRACTOR or its SUBCONTRACTORS.[9]

Under the terms of the agreement, Weatherford took full responsibility for the safety of any work performed.[10] Shell also executed a "P&A Services/Rental Agreement" with Hudson, which owned and operated the machinery that allegedly caused Bennett's accident. The agreement identifies Hudson as solely responsible

---

[8] R. Doc. 41-4.

[9] *Id.* at 41.

[10] *Id.* at 13.

4

for compliance with safety regulations[11] and states, "Vendor shall be an independent VENDOR with respect to the performance of work or services under this agreement. . . . [Shell] further reserves no right to supervise or control the details of the work or services provided by VENDOR or its contractors."[12]

Under Louisiana law,[13] a principal is not liable for the negligent acts of its independent contractor, unless (1) the work performed by the contractor is ultrahazardous or (2) the principal retains operational control over the contractor's actors or expressly or impliedly authorizes their acts. *See Coulter v. Texaco, Inc.,* 117 F.3d 909, 911–12 (5th Cir. 1997); *LeJeune v. Shell Oil Co.,* 950 F.2d 267, 270 (5th Cir. 1992). The Fifth Circuit has held that drilling operations are not ultrahazardous. *Ainsworth v. Shell Offshore Co .,* 829 F.2d 548, 550 (5th Cir. 1987). Therefore, Shell's liability rests on whether it retained operational control over or authorized the activities that allegedly led to Bennett's injuries.

To determine whether the operational control exception applies, the Court first must examine "whether and to what extent the right to control work has been contractually reserved by the

---

[11] R. Doc. 41-5 at 15.

[12] *Id.* at 27.

[13] The application of Louisiana law to Bennett's claims, pursuant to the Outer Continental Shelf Lands Act (OCSLA), is not in dispute. *See* 43 U.S.C. § 1333(a)(2)(A).

5

principal." *Coulter,* 117 F.3d at 912 (citing *Graham v. Amoco Oil Co.,* 21 F.3d 643, 645-46 (5th Cir. 1994); *Ainsworth,* 829 F.2d at 549-51). Here, the agreements that Shell executed with Weatherford and Hudson both provide that Weatherford and Hudson are independent contractors and that they are responsible for safety compliance.[14] The agreements state that Shell does not reserve the right to supervise or control the work done by the contractors.[15] Thus, by the terms of the agreements, it is evident that Shell did not have the right to monitor the activities of Weatherford or Hudson.

Moreover, there is no evidence that Shell expressly or impliedly ordered either company to engage in unsafe work practices. Therefore, the operational control exception to a principal's general lack of liability does not apply in this case, and Shell is not liable for any negligent acts by Weatherford or Hudson. *See Coulter,* 117 F.3d at 912. ("[A]bsent an express or implied order to the contractor to engage in an unsafe work practice leading to an injury, a principal . . . cannot be liable under the operational control exception."). Further, because no evidence has been put forth concerning any independent, negligent acts by Shell, Shell cannot be held liable for plaintiff's injuries.

---

[14]     R. Doc. 41-4 at 13, 41; 41-5 at 15; 27.

[15]     R. Doc. 41-4 at 41; 41-5 at 27.

6

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment and dismisses the claims against Shell with prejudice.

New Orleans, Louisiana, this 20th day of September, 2012.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE